## DOANE v. ASSOCIATED BUREAUS, INC.
### Case No. SO 82-6218
County Court, Orange County

May 1, 1984

**APPEARANCES OF COUNSEL**

**Mark P. Lang** and **Kenneth O. Baker** for plaintiff.
**Brian D. DeGailler** for defendant.

### OPINION OF THE COURT

GEORGE A. SPRINKEL IV, County Judge.

This action was tried before this Court. On evidence presented, the facts of this cause are that Gary Doane, a practicing attorney in Orange County, Florida, represented Stephanie Mote in a personal injury action. Associated Bureaus, Inc., a Minnesota corporation doing

business as Allied Medical Accounts Control, is a collection agency located in St. Paul, Minnesota. In late June and early July, 1982, while serving as a collection agent for Brookwood Hospital of Orlando, Florida, an employee of Associated Bureaus, Inc., in St. Paul, Minnesota telephoned Plaintiff Doane in Orlando, Florida, to inquire as to the status of an unpaid account regarding Stephanie Mote. The telephone conversation(s) was recorded by Associated Bureaus, Inc., in St. Paul, Minnesota, by use of recording equipment which contained a repetitious recorder "beep" tone. Attorney Doane has contended that the recording(s) was made without his consent. He has, therefore, brought action for damages pursuant to Florida Statute Section 934.10 alleging that the recording(s) was in violation of Florida Statute Section 934.03.

Florida Statute Section 934.032(d) states:

It is unlawful under this chapter for a person to intecept a wire or oral communication when all of the parties to the communication have not given prior consent to such interception.

According to Florida Section 934.02(3):

Intercept means to be aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device.

Congress of the United States also has legislation in effect to govern the interception of wire communications. The Omnibus Crime Control Act 18 U.S. Code Section 2511(2)(d) provides:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication, where such person is the party to the communication or where one of the parties to the communication has given prior consent to such interception.

Minnesota Statute 626A02.(b) is identical to 18 U.S. Code Section 2511(2)(d) of the Omnibus Crime Control Act quoted above.

The Court, having heard extensive argument of counsel, having reviewed the memoranda of law contained in the Court file, and having thoroughly considered all of the law on the subject matter involved herein, and otherwise being fully advised in the premises, the Court concluded the following:

1. THE RECORDING IN MINNESOTA BY DEFENDANT OF ONE OR MORE INTERSTATE TELEPHONE CONVERSATION(S) WITH A FLORIDA RECIPIENT DID NOT VIOLATE FLORIDA'S STATUTE 934.032(d).

In this case, we are dealing with interstate communication—the

13

caller and recorder of the conversation in Minnesota, and the recipient of the phone call in Florida. This Court finds that the provisions of the Florida Statute Chapter 934 govern the interception of *intrastate* telephone conversations *not interstate* telephone conversations. This construction of Florida Statute Chapter 934 is in accordance with Federal Omnibus Crime Control Act.

For this Court to find that the Florida Statute in question was violated by Defendant's act would defeat and frustrate the purpose of the Federal government's enactment of the Omnibus Crime Control Act, 18 U.S. Code Section 2511(2)(d). One of the purposes of the Federal legislation was to delineate "on a uniform basis the circumstances and condition under which the interception of wire and oral communications may be authorized." U.S. Code Congressional Administration News, 1968, Page 2153. The Omnibus Crime Control Act preempted the provisions of the Florida Statutes when the factual circumstances are the out-of-state recording of an interstate telephone conversation.

It is undisputed that the only connection Florida had with Defendant's activity was that the recipient of the telephone call was in Florida. The only act necessary to establish a violation of the Florida wire tapping law is the physical act of recording a telephone conversation. It is undisputed that the recording of the telephone conversation in this case took place in Minnesota.

## 2. DEFENDANT'S CONDUCT WAS WHOLLY IN ACCORD WITH THE OMNIBUS CRIME CONTROL ACT, 18 U.S.C. SEC. 2511(2)(d) AND MINNESOTA LAW.

18 U.S.C. Section 2511(2)(d) provides that it is not unlawful under this Chapter for a person acting under color of law to intercept a wire or oral communication, where such a person is a party to the communication. Minnesota Statute 626A.02, Subd. 2(d) is identical to the Omnibus Crime Control Act provision. The act of Defendant Associate Bureaus of recording in St. Paul, Minnesota, one or more interstate telephone conversations with a Florida recipient was in accordance with provisions of the Omnibus Crime Control Act and the Minnesota Statute.

As this Court finds that Defendant's act of recording the interstate telephone conversation in question was in full compliance with the Federal Laws, Minnesota Law and was not a violation of the Florida Statute, it is

ORDERED AND ADJUDGED that the Plaintiff, Gary Doane,

take nothing by this action from the Defendant, Associated Bureaus, Inc., d/b/a Allied Medical Accounts Control and that said Defendant goes hence without day.